IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JAN 10 A 10: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| FRANCIS WILLIAMS : | |
| Petitioner, : | 2:05cv407-T |
| vs. : | Case No.: 93-310-N |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

## MOTION TO OBTAIN RELIEF FROM JUDGEMENT

## PURSUANT TO F.R.CV.P. RULE 60(b).

**COMES NOW**, the petitioner, Francis Williams (Hereinafter Petitioner), a pro se litigant in the above styled action, hereby respectfully prays that this Honorable Court considers and grants this Motion to Obtain Relief from Judgement Pursuant to F.R.CV.P. Rule 60(b). This motion is earnestly made and submitted in good faith. Good cause for the issuance of an order granting this Motion to Obtain Relief is set out infra.

SCANNED

## PLEA FOR LIBERAL CONSIDERATION

Pro se litigant pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusing legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Haines v. Kerner*, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972). See also *United States v. Yizar*, 956 F.2d 232 (11th Cir. 1992).

Petitioner respectfully urges this Honorable Court to grant with the upmost liberal consideration this Motion to Obtain Relief. Petitioner has no formal training nor is she skilled in the law. She is proceeding pro se only to safeguard her constitutional rights and in the best interest of justice.

## JURISDICTION

Inasmuch as the Petitioner was sentenced to a Federal Term of Imprisonment by this Honorable Court, thus, jurisdiction is conferred upon this Court to review the Petitioner's claims, pursuant to F.R.CV.P. Rule 60(b).

2

## COURSE OF PROCEEDINGS

On December 8, 1993, a three (3) count indictment was filed in the United States District Court for the Middle District of Alabama, Northern Division charging a violation of Title 21 U.S.C. §841 and §846 in Count one, Title 21 U.S.C. §841 in Count two, and Title 21 U.S.C. §853 Forfeiture in Count three.

On June 8, 1994, the defendant was found guilty by jury trial per Count one of the indictment, Title 21 U.S.C. §846, Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and Cocaine Base. The defendant was sentenced to a term of 235 months of imprisonment and 5 years of supervised release on October 20, 1994.

The defendant filed a timely Notice of Appeal to the Eleventh Circuit Court of Appeals. The defendant's judgement and sentence were affirmed on Direct Appeal on March 1, 1999. A petition for a Writ of Certiorari was filed, and the Supreme Court denied the Certiorari on October 7, 1999.

Petitioner has been in the custody of the Federal Bureau of Prisons for the past ten years and is currently incarcerated at the Federal Prison Camp in Marianna, Florida.

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

Petitioner will show that her sentence has been erroneously and illegally enhanced, in accordance with United States Sentencing Guideline §2D.1.1 (b)(1), also known as the Gun Enhancement, which violates Petitioner's Sixth Amendment right to trial by jury as ruled in *Blakely v. Washington*, 124 S.Ct. 2581 (2004).

## ARGUMENT

Petitioner contends that the District Judge misapplied the guidelines and abused his discretion when he increased the Petitioner's sentence with the 2 point gun enhancement pursuant to U.S.S.G. §2D1.1 (b)(1). Petitioner will set out to prove that the gun enhancement violates her Sixth Amendment Right to trial by jury resulting in a grave miscarriage of justice held against the Petitioner.

According to the indictment, the Petitioner was charged as follows; "On or about May 25, 1993, Francis Williams did knowingly and intentionally distribute or possess to with intent to distribute approximately .573 grams of cocaine." In a trial by jury, the Petitioner was found guilty of Title 21 U.S.C. §846, Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and Cocaine Base.

The statute under which the defendant was convicted determines the base offense level for sentencing. Petitioner started with a base offense level of 36 points and a criminal history of III. She was awarded a 2 point reduction for Mitigating Role, U.S.S.G. §3B1.2 (b), minor participant. The District Judge ruled in favor of this 2 point reduction against the Probation Officer's recommendation and the Presentence Report.

As the record stands, it is undisputed that the Petitioner is best characterized as a "smoker" or consumer. A consumer generally does not share the distribution objective and thus would not be part of the overall conspiracy.

5

*United States v. Evans*, 970 F.2d 663 (10th Cir. 1992). (Mere knowledge of illegal activity, even in conjunction with participation in a small part of the conspiracy, does not itself establish that person had joined in the grand conspiracy.)

There was evidence presented at the trial which supports the 2 point reduction for mitigating role. This evidence was heard by the jury and is on the record. Therefore, the District Judge was justified in ruling for the 2 point reduction. This reduction reduced the Petitioner's points from 36 to 34 which would have given the Petitioner a sentence of 188 months being the District Judge sentenced her at the low end of the guideline range.

A sentencing judge exceeds his proper authority when he inflects punishment that the jury's verdict alone does not allow, as the jury has not found all the facts which the law makes essential to the punishment. *Blakely v. Washington*, 124 S.Ct. 2531 (2004). This is exactly what has occurred with the case in hand. The District Judge abused his discretion when he ruled in favor of the 2 point gun enhancement pursuant to Specific Offense Characteristics, U.S.S.G. §2D1.1 (b)(1).

No evidence was ever presented at trial that the Petitioner had any connection to the guns whether it be domain, constructive possession or reasonable forseeability that her co-defendants had the guns. The District Judge relied solely on the recommendations of the Probation Officer and the Presentence Report when sentencing the Petitioner with the 2 point gun enhancement against the objections of the Petitioner's defense attorney.

6

Case 2:93-cr-00310-MHT-DRB   Document 1579   Filed 01/10/2005   Page 7 of 12

Therefore, the Petitioner's points raised to 36 points, and she was sentenced to 235 months of imprisonment.

This 2 point gun enhancement dramatically increased the Petitioner's sentence by a total of 47 months. This increase violates the Petitioner's Sixth Amendment Right. The Sixth Amendment Right to trial by jury is no mere procedural formality, but rather, is a fundamental reservation of power in our constitutional structure, meant to ensure the peoples ultimate control in the judiciary. U.S.C.A. Const. Amend. 6.

Petitioner was not aware of any weapons during the time of the instant offense. She had no knowledge and did not possess or own a firearm infurtherance of the conspiracy. There is insufficient evidence on the record to support the reasons for imposing this exceptional sentence. A jury must find, not only the facts that make up the crime of which the offender is charged, but also all punishment increasing facts about the way in which offender carried out that crime. *Blakely*, supra.

Petitioner never admitted to or was convicted of the relevant fact of knowing that fellow co-defendants owned or used firearms infurtherance of the conspiracy. The Supreme Court fashioned the rule of *Apprendi* on the premise sentencing enhancements are the functional equivalents of an offense greater than the one covered by the jury's verdict. *Apprendi*, 530 US at 494, n.19. The Court implied the government should not be allowed, merely by labeling enhancements, to circumvent the constitutional requirement that a jury find all the elements of a crime beyond a reasonable doubt. *United States v. Pirani*,

7

2004 WL1748930 (8th Cir. Aug. 5, 2004). (Perhaps an error more prejudicial to the rights of a defendant cannot be conceived than the denial in whole of his rights to litigate the elements of the offense for which he is punished.)

"But if the government wants a higher sentence or unless, as explained below, the guidelines are not severable, then Booker, unless he strikes a deal with the government, will be entitled to a sentence hearing at which a jury will have to find by proof beyond a reasonable doubt the facts on which a higher sentence would be premised." *United States v. Booker*, 315 F.3d 508, (7th Cir. 2004). Under *Blakely*, as interpreted in *Booker*, a defendant has the right to have a jury decide factual issues that will increase the defendant's sentence. *United States v. Shearer*, 379 F.3d 453 (7th Cir. 2004). In the case at hand, the Petitioner's sentence violates her Sixth Amendment Right for the judge not a jury determined the facts for granting the gun enhancement. Therefore, this case should be remanded for the required factual findings as guaranteed by the Sixth Amendment of the Constitution.

Furthermore, the two level "gun" enhancement is in error of the Eleventh Circuit Court of Appeal's own holdings. "Because we hold that a §2D1.1 (b)(1) enhancement requires a factual finding of reasonable forseeability, we vacate Defendant's sentence, and remand to the district court to determine whether Gallo could reasonably forsee that her coconspirators would possess firearms in furtherance of a jointly undertaken narcotics transactions." *United States v. Gallo*, 195 F.3d 1278, 11th Cir. 1999). Petitioner contends that the District Court made no "factual finding" of any reasonable forseeability warranting the enhancement that was held against her.

8

In the case at hand, the government relied on the commentary of U.S.S.G. §2D1.1 in Application Note 3 which states: the adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. Petitioner was enhanced due to the activities and/or relevant conduct of co-defendants being that they possessed a firearm infurtherance of the conspiracy. However, possession of a weapon by a co-conspirator does not automatically trigger the sentencing guideline weapon enhancement.

The Eleventh Circuit has ruled that the District Courts shall follow U.S.S.G. §1.B1.3 (3) in that sentence enhancements for co-conspirators conduct will be limited to those acts which are reasonably forseeable. It was never proven beyond a reasonable doubt that Petitioner was aware of the guns owned or used by the co-defendants infurtherance of the conspiracy or that it was reasonably forseeable. Petitioner cannot be held accountable for the guns of her co-defendants and asserts that the acts of others were erroneously attributed to her without determining the scope of petitioner's participation in the conspiracy itself. The fact, as it stands, that Petitioner engaged in smoking crack and obtained crack for that purpose does not establish that she joined the broad, overarching conspiracy of the indictment.

Petitioner has been gravely prejudiced by this enhancement for no connection or reasonable forseeability has ever been established between the various co-conspirators and the petitioner in respect to the guns. The government can offer no evidence that any firearms were directly or indirectly in the possession of the Petitioner, that she ever agreed to possess a firearm or

9

that any firearms were ever found at Petitioner's residence. Furthermore, there is no record, as it stands, that the Petitioner was aware of any firearms in the possession of the co-conspirators and that the firearms were used infurtherance of the conspiracy.

As in *Gallo* and *Blakely*, the District Court must determine through "jury" fact finding whether Petitioner reasonably foresaw that the co-conspirators would possess firearms and use said firearms infurtherance of the conspiracy. Therefore, U.S.S.G. §2D1.1 (b)(1) should not and cannot be applied to the Petitioner, and Petitioner cannot be held accountable for the conduct of the co-conspirators as the record stands.

## **CONCLUSION**

Conclusively, the Petitioner has proven beyond a reasonable doubt and has reached the merits for a successful claim on the issue as asked to be reviewed by this Court. Petitioner respectfully urges this Honorable Court to give her the opportunity to be heard on the issue at hand and to reexamine the term of imprisonment imposed with a conscious regard to the error of law made and with the awareness of equality of justice. The District Judge's grave error has caused a breakdown in the adversial process that our justice system counts on to produce just results. Furthermore, Petitioner has made a substantial showing that she is eligible and entitled to relief from judgement pursuant to F.R.CV.P. Rule 60(b) giving the District Judge the jurisdiction to correct her sentence.

Wherefore, for the forgoing reasons and citations of authority, Petitioner respectfully prays to this Honorable Court to grant this Motion to Obtain Relief from Judgement pursuant to F.R.CV.P. Rule 60(b) in all and/or any respect as this Court may deem appropriate.

Executed on this 5th day of January in the year of Our Lord Two Thousand and Five (2005).

Respectfully submitted,

*Francis Williams*

Francis Williams
Petitioner, pro se
Reg. #03302-017
FPC Marianna
P.O. Box 7006
Marianna, Florida 32446

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing Motion to Obtain Relief was mailed on this 5th day of January, 2005, by regular mail, postage prepaid to: United States Attorney's Office, Terry F. Moorer, AUSA, P.O. Box 197, Montgomery, Alabama, 36101-0197; United States District Court for the Middle District of Alabama, Northern Division, P.O. Box 711, Montgomery, Alabama, 36101-0711.

Respectfully submitted,

*Francis Williams*

Francis Williams
Petitioner, pro se
Reg. #03302-017
FPC Marianna
P.O. Box 7006
Marianna, Florida 32446

Litigation is deemed **FILED** at the time it was delivered to prison authorities. See *Houston v. Lack*, 101 L.Ed.2d 245(1988).

Delivered to U.S. Mail at the FPC Marianna on 5th day of January, 2005.

12