IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv407-T |
| | ) | WO |
| FRANCIS WILLIAMS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion to Obtain Relief from Judgment Pursuant to F.R.Cv.P. Rule 60(b)*" (Doc. 2) filed by federal inmate Francis Williams ("Williams") on January 5, 2005.[1] By her motion, Williams challenges the sentence of imprisonment imposed upon her by this court in 1994 for conspiracy to distribute cocaine and cocaine base. Upon review of Williams's motion, it is clear that she is entitled to no relief from this court.

**I. DISCUSSION**

In challenging her sentence, Williams seeks to utilize the provisions of Rule 60(b) of the Federal Rules of Civil Procedure. However, that rule cannot be utilized to attack criminal convictions or sentences. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th

---

[1] Although the motion is date stamped "received" on January 10, 2005, the motion was signed by Williams on January 5, 2005. A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Williams's motion] was delivered to prison authorities the day [she] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and without any contradictory evidence, the court assumes that January 5, 2005, should be considered the date of filing for Williams's motion.

Cir. 1998) (motion filed pursuant to Rule 60(b), *Federal Rules of Civil Procedure*, "simply does not provide relief in a criminal case"). Consequently, Williams cannot utilize Rule 60(b) as a vehicle to modify her sentence.

Williams asks the court to reduce her sentence of imprisonment on the basis of, *inter alia*, the Supreme Court's recent decision in *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), which Williams claims establishes that her sentence is constitutionally invalid. A review of Williams's motion reflects that her asserted claims attack the fundamental legality of her sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions

by the AEDPA simply by characterizing her motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Williams seeks relief from this court which is appropriate only under 28 U.S.C. § 2255. Thus, this court construes the present action to contain a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255.

This is the second § 2255 motion filed by Williams attacking her conviction and sentence. Williams's initial § 2255 motion, filed on September 16, 2002, was dismissed with prejudice because it was filed after expiration of the one-year period of limitation contained in 28 U.S.C. § 2255 and because Williams's claim of actual innocence lacked merit. *See United States v. Williams*, CV. NO. 2:02cv1061 - Doc. 11 - *Oct. 27, 2003, Recommendation of the Magistrate Judge* (adopted as judgment of the court by final order of Feb. 3, 2003, CV. NO. 2:02cv1061 - Doc. 20). The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2]  *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Williams has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Williams's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Williams on January 5, 2005, be denied and this case dismissed, as Williams has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

---

[2]Aside from the statutory bar on which this Recommendation is based, Williams's likelihood of success on her substantive claim is nil.  Her claim is premised on *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), which is not retroactively applicable to cases pending on collateral review.  *See In re Dean*, 375 F.3d 1287 (11th Cir. 2004).  *See also In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005) (Supreme Court decision in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), also not retroactively applicable on collateral review).

ORDERED that the parties shall file any objections to this Recommendation on or before May 23, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 9th day of May, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE